# UNITED STATES DISTRICT COURT

EVANSVILLE

2005 NOV -7 PM 1:47

# SOUTHERN DISTRICT OF INDIANA

THERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

**JEREMY MACKEN,**
**ANDREA MACKEN &**
**TAMARA SCHULER**
**Plaintiff(s)**

VS.

**BRAD HILL,**
individually and as Chief
of Police in the Police
Department of the City
of Evansville,
**Defendant(s)**

AND

**MIKE SIDES,**
individually and as police
officers in thePolice Department
of the City of Evansville
**Defendant(s)**

AND

**BROCK HENSLEY,**
individually and as police
officers in the Police Department
 of the City of Evansville.
**Defendant(s)**

**3 : 05-cv-0202-RLY -WGH**

CIVIL ACTION No._____

COMPLAINT FOR

**DAMAGES**
**JURY DEMANDED**

## COMPLAINT & JURY DEMAND

Bradley A. Happe, Attorney For Plaintiffs, P.O. Box 6863, Evansville, IN  47719, (812) 303-4664

NOW COME the Plaintiffs, by and through their attorney, Bradley A. Happe, and for their Complaint against the Defendants state as follows:

## INTRODUCTORY STATMENT

1. This is an action for damages sustained by citizens of the United States against police officers of the State of Indiana and of City Evansville, who unlawfully assaulted, battered, prosecuted and/or harassed them.

2. This action is brought to assert state tort claims, violations of the Elliott-Larsen Civil Rights Act, and pursuant to 42 USC Sections 1983 and 1988 well as the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated on 28 USC Sections 1343(3) and (4) and 1331,on as well as its pendent jurisdiction.

## PARTIES

4. Plaintiff Jeremy Mackem is a resident of the City of Evansville, and at all times relevant to the allegations of this Complaint was a resident of Vanderburgh County, and a citizen of the United States.

5. Plaintiff Tamara Schuler is a resident of the City of Evansville, and at all times relevant to the allegations of this Complaint was a resident of Vanderburgh County, and a citizen of the United States.

6. Plaintiff Andrea Macken is a resident of the City of Evansville, and at all times relevant to the allegations of this Complaint was a resident of Vanderburgh County, and a citizen of the United States.

7. At all times relevant hereto, Defendant Police Officer Mike Sides was a police officer employed by the City of Evansville and State of Indiana. He is sued individually and in his official capacity.

8. At all times relevant hereto, Defendant Police Officer Brock Hensley was a police officer employed by the City of Evansville and State of Indiana. He is sued individually and in his official capacity.

9. At all times relevant hereto, Defendant Brad Hill was and is presently employed by the City of Evansville, Indiana and acting Chief of Police in charge of the Police Department of the City of Evansville, Indiana; He is sued individually and in his official capacity.

10. At all times material to this complaint, Defendants Mike Sides and Brock Hensley were employed as police officers of the City of Evansville, State of Indiana, and were acting under the color of their official capacity and their acts were performed under color of the statues and ordinances of the City of Evansville and the State of Indiana. Defendants were the servants, agents, and employees of the codefendant, the City of Evansville, so that their acts are imputed to the City of Evansville.

11.  During all times mentioned here, Defendants Mike Sides and Brock Hensley were acting pursuant to orders and directives from the Defendant Brad Hill.

12.  At all times mention here the City of Evansville was a municipal corporation of the State of Indiana, and was the employer of Defendants Mike Sides, Brock Hensley and Brad Hill.  The City of Evansville provided each of the individual Defendants with an official badge which designated and described its bearer as a Police Chief or Police officer of the said city's police department.  The City of Evansville is the municipal corporation in whose named the individual defendants and each of them performed all acts and omissions alleged here.

13.  During all times mentioned herein, the Defendants , separately and in concert, acted under color and pretense of law to wit, under color of the statues, ordinances, regulations, customs and usages of the State of Indiana and the County of Vanderburgh and City of Evansville.  Each of the Defendants here, separately and in concert, engaged in the illegal conduct here mentioned to injury of the Plaintiffs and deprived Plaintiffs of the rights, privileges, and immunities secured to Plaintiffs by the First and Fourteenth amendments to the Constitution of the United States and the laws of the United States.

14.  These acts of violence, intimidation and humiliation, while carried out under color of law, have no justification or excuse in law, and are instead gratuitous, illegal, improper, and unrelated to any activity in which police officers may appropriately and legally engage in the course of protecting person or property, or ensuring civil order.

15.  Despite the fact that they knew or should have known of the fact that this pattern of conduct was being carryout by their agents and employees, the Evansville Police Department, Defendants Mike Sides, Brock Hensley and Brad Hill have taken no step or effort to order a halt to this course of conduct to make redress to these Plaintiffs or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

16. Defendants were on duty on November 1, 2005, and were present at the incident that is the subject of this Complaint.

17.  At all times relevant hereto and in all their actions described herein, Defendants were acting under color of law and pursuant to their authority as Evansville Police personnel.

## FACTS

18. Plaintiffs reallege and incorporate by reference herein the preceding paragraphs of this Complaint.

19. On November 1, 2005, Defendants went to the home of the above said Plaintiffs to retrieve a seventeen (17) year old subject who had been staying at the Plaintiffs house named, Toni Bass and hereinafter referred to as Bass, 2007 Monroe Ave., Apt. B Evansville, Vanderburgh County, State of Indiana.

20. During the course of retrieving Bass the Defendants trespassed, converted and used excessive and unreasonable force by killing the Plaintiffs dog, Precious, in pursuit of retrieving Bass.

21. The Plaintiffs were deprived of their Constitutional Right to property without Due Process of Law pursuant to the Constitution of the United States.

22. After Bass was in the custody of her mother and sitting in her mother's car the Defendant Police Officer Mike Sides went into the back yard and shot and killed a dog owned by Plaintiffs Jeremy Macken and Tamara Schuler and Andrea Macken.

23. That the actions taken by Defendants against Plaintiffs and the dog were witnessed by by all three of the Plaintiffs along with neighbors and people passing by.

24. The actions taken by Defendants against the Plaintiffs amount to:

    a.)    Excessive force utilized by the police,
    b.)    Conversion
    c.)    Trespassing
    d.)    Negligence
    e.)    As well as the offenses stated below.

25. As a result of the misconduct herein before described, Plaintiffs experienced humiliation, emotional distress, pain and suffering, defamation and were otherwise damaged.

26. As a result of the misconduct herein before described, Plaintiffs experienced humiliation, emotional distress, pain and suffering, and were otherwise damaged.

## FEDERAL CAUSES OF ACTION

27. The allegations set forth in the preceding paragraphs of this Complaint are incorporated herein by reference.

28. The hereinabove described actions and omissions, engaged in under color of state authority by the Defendants, deprived Plaintiffs of rights secured to them by the Constitution of the United States, including but not limited to, his Fourth Amendment right to be free from unlawful seizure of his person, his Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police against person and property, and his Eighth Amendment right to be free from cruel and unusual punishment.

29. That further, Defendants' actions showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

30. Defendants' actions were done with knowing disregard of and excessive risk to Plaintiff's health and well-being and complete intentional deprivation of proper.

31. Plaintiffs as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered a deprivation of their constitutional rights and injuries and damages as hereinafter stated.

## CIVIL CONSPIRACY OF OFFICERS

32. Plaintiffs reallege and incorporate by reference all the preceding allegations of this Complaint.

33. Defendants illegally, maliciously, and wrongfully conspired outright or impliedly with one another with the intent to and for the illegal purpose of killing the Plaintiffs dog.

34. The conspiracy resulted in illegal and tortious acts, and/or was done for a criminal or unlawful purpose, or was designed to accomplish a lawful purpose by criminal or unlawful means.

35. Plaintiffs, as a direct and proximate result of the actions by the Defendants individually and in their official capacity, suffered injury and damage, past, present, and future, including the following:

   a. Pain, suffering, and emotional distress.
   b. Humiliation, mortification and embarrassment.
   c. Medical expenses.
   d. Other injuries and damages, including physical injuries and permanent scarring to Plaintiffs.

## PENDENT CAUSES OF ACTION

36. This Court has pendent jurisdiction to hear and adjudicate the following claims. Assault, Conversion, Trespassing, Negligence, Torture or Mutilation of a Vertebrate Animal, and Right To Own Property which is a Deprivation of a Civil Liberty

## ASSAULT COMMITTED BY DEFENDANTS

37. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

38. The aforementioned actions of Defendants constituted intentional and unlawful threats to do bodily injury to Plaintiffs.

39. The aforementioned actions were made under circumstances that created in Plaintiffs reasonable fear of imminent peril.

40. Defendants had the ability to carry out the actions threatened.

42. Defendants as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

## ASSAULT COMMITTED BY ALL NAMED DEFENDANTS JOINTLY AND

## SEVERALLY, AGAINST PLAINTIFFS

43. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint.

44. The aforementioned actions constituted intentional and unlawful threats to do bodily injury to Plaintiffs.

45. The officers had the ability to carry out the threatened actions if not prevented.

46. As stated above, the officers, jointly and severally, willfully and intentionally assaulted Plaintiffs.

47. The officers operated under an express agreement to carry out their plan or an implied agreement.

48. Plaintiffs, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated. Intentional Infliction of Emotional Distress.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiffs hereby reallege and incorporate by reference all the preceding allegations in this Complaint.

50. The actions of Defendants aforementioned constituted intentional infliction of emotional distress upon Plaintiffs and anyone else who may be a party to this action.

51. That furthermore, the action of Defendant Mike Sides in shooting and killing the dog was intentional, may have been witnessed by the Plaintiffs, and caused them emotional distress.

52. That the Plaintiffs suffered emotional distress due to the loss of their dog.

53. The aforementioned conduct was extreme and outrageous by the standards of this community.

54. The aforementioned conduct was done by the Defendants either intentionally or recklessly.

55. Plaintiffs, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

WHEREFORE, Plaintiffs request that this Court enter a judgment against Defendants in whatever amount they may be found to be entitled, including punitive damages, together with interest, costs, actual attorneys' fees, and such other relief as the Court deems just under the circumstances.

Respectfully submitted,

Bradley A. Happe, #24927-49
Attorney At Law
P.O. Box 6863
Evansville, IN  47719
Phone: 812-3003-4664
Fax:    812-303-4975

## JURY DEMAND

NOW COMES the Plaintiffs, by and through their attorney, Bradley A. Happe and hereby demand a trial by jury in regard to the above-captioned matter.

Bradley A. Happe, #24927-49
Attorney At Law
P.O. Box 6863
Evansville, IN  47719
Phone: 812-303-4664
Fax:    812-303-4975

## CERTIFICATE OF SERVICE

On the _____ day of November 2005, I hereby state and affirm under the penalties and perjury of any United States Law that a true and correct copy of the above and foregoing pleading was served to all parties of record by depositing same in the United States Mail, postage prepaid.

Brad Hill
15 N.W. Martin Luther King Blvd.
Evansville, IN 47708

Mike Sides
15 N.W. Martin Luther King Blvd.
Evansville, IN 47708

Brock Hensley
15 N.W. Martin Luther King Blvd.
Evansville, IN 47708

Bradley A. Happe, #24927-49
Attorney At Law
P.O. Box 6863
Evansville, IN 47719
Phone: 812-303-4664
Fax:    812-303-4975