UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

JEREMY MACKEN, ANDREA MACKEN     )
TAMARA SCHULER,     )
    )
    VS.     ) NO. 3:05-CV-0202-RLY-WGH
    )
BRAD HILL, individually and as Chief of Police in the     )
Police Department of the City of Evansville, MIKE     )
SIDES, individually and as police officers in the Police     )
Department of the City of Evansville, and BROCK     )
HENSLEY, individually and as police officers in the     )
Police Department of the City of Evansville.     )

## ANSWER TO PLAINTIFFS' COMPLAINT

Comes now the Defendant, BROCK HENSLEY (herein referred to as Defendant), by counsel, Johnson, Carroll, Norton, Kent & Straus, by David W. Kent, and for their Answer to the Plaintiffs' Complaint, states as follows:

1.    That Defendant deny the allegations contained in paragraph 1 and 2, of Plaintiffs' Complaint.

2.    The Defendant admit the allegations contained in paragraph 3, of Plaintiffs' Complaint.

3.    That Defendant lack sufficient knowledge at this time to either admit or deny the allegations set forth in paragraphs 4, 5 and 6, of Plaintiffs' Complaint and therefore denies said allegations and demands strict proof thereof.

4.    That Defendant, in response to the allegations contained in paragraph 7 of Plaintiffs' complaint, admits that Defendant Police Office Mike Sides was a police officer employed by the City of Evansville and State of

1

Indiana, and admit that he is being sued in his official capacity, but deny the allegation as to being sued in his individual capacity.

5. That Defendant, in response to the allegations contained in paragraph 8 of Plaintiffs' complaint, admits that Defendant Police Office Brock Hensley was a police officer employed by the City of Evansville and State of Indiana, and admit that he is being sued in his official capacity, but deny the allegation as to being sued in his individual capacity.

6. That Defendant admit the allegations contained in paragraphs 9, 10, 11 and 12 of Plaintiffs' Complaint.

7. That Defendant deny the allegations contained in paragraphs 13 and 14 of Plaintiffs' Complaint.

8. That Defendant lack sufficient knowledge at this time to either admit or deny the allegations set forth in paragraph 15, of Plaintiff's Complaint and therefore denies said allegations and demands strict proof thereof.

9. That Defendant admit the allegations contained in paragraphs 16 and 17 of Plaintiffs' Complaint.

10. That Defendant re-allege and incorporate by reference herein the preceding paragraphs of this Answer to Plaintiffs' Complaint.

11. That Defendant admit the allegations contained in paragraph 19 of Plaintiffs' Complaint.

12. The Defendant deny the allegations contained in paragraphs 20, 21 and 22 of Plaintiffs' Complaint.

13. That Defendant lacks sufficient knowledge at this time to either admit or deny the allegation set forth in paragraph 23 of Plaintiffs' Complaint and therefore denies said allegations and demands strict proof thereof.

14.    That Defendant deny the allegations contained in paragraphs 24, 25, 26, 27, 28, 29, 30 and 31 of Plaintiffs' Complaint.

15.    That the Defendant re-allege and incorporate by reference the allegations of the preceding paragraphs of this Answer as if fully restated herein.

16.    That the Defendant deny the allegations contained in paragraphs 33, 34, 35 and 36 of Plaintiffs' Complaint.

17.    That the Defendant re-allege and incorporate by reference the allegations of the preceding paragraphs of this Answer as if fully restated herein.

18.    That the Defendant deny the allegations contained in paragraphs 38, 39, and 40 of Plaintiffs' Complaint.

19.    The Defendant note there is no rhetorical paragraph 41 in Plaintiffs' Complaint and therefore they cannot admit or deny as to this paragraph.

20.    That the Defendant deny the allegations contained in paragraph 42 of Plaintiffs' Complaint.

21.    That the Defendant re-allege and incorporate by reference the allegations of the preceding paragraphs of this Answer as if fully restated herein.

22.    That the Defendant deny the allegations contained in paragraphs 44, 45, 46, 47 and 48 of Plaintiffs' Complaint.

23.    That the Defendant re-allege and incorporate by reference the allegations of the preceding paragraphs of this Answer as if fully restated herein.

24.    That the Defendant deny the allegations contained in paragraphs 51, 52, 53, 54 and 55 of Plaintiffs' Complaint.

WHEREFORE, the Defendant, Mike Sides, pray that the Court determines the actual amount of damages owed to Plaintiffs by these answering Defendant, for an Order declaring that none of the other named Defendant is liable to Plaintiffs for any damages, and for all other relief just and proper in the premises.

3

JOHNSON, CARROLL, NORTON, KENT & STRAUS
Professional Corporation


 s/David W. Kent
David W. Kent (#16440-82)
Johnson, Carroll, Norton, Kent & Straus, P.C.
2230 W. Franklin Street
Evansville, IN 47712
(812) 425-4466
dkent@jcglaw.com
Attorney for Defendant, Brock Hensley


## **AFFIRMATIVE DEFENSE**

1.      That the Defendant assert their civil immunity defense in the herein cause of action.

2.      Defendant, Brock Hensley, reserve the right to state any further Affirmative Defenses during these proceedings.

WHEREFORE, the Defendant, Brock Hensley, pray that  the Court determine the actual amount of damages owed to Plaintiffs by this answering Defendant, for an Order declaring that none of the other named Defendants are liable to Plaintiffs for any damages, and for all other relief just and proper in the premises.


JOHNSON, CARROLL, NORTON, KENT & STRAUS
Professional Corporation


 s/David         W.         Kent
David W. Kent (#16440-82)
Johnson, Carroll, Norton, Kent & Straus, P.C.
2230 W. Franklin Street
Evansville, IN 47712
(812) 425-4466
dkent@jcglaw.com
Attorney for Defendant, Brock Hensley

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the above and foregoing Defendant's Answer to Plaintiffs' Complaint has been served on each and every attorney of record herein, by depositing a copy of the same in the United States Mail, first class, all postage prepaid, addressed to:

Bradley A. Happe
P.O. Box 6863
Evansville, IN 47719

David L. Jones
Law Department - City of Evansville
25 N.W. Riverside Drive, 2nd Floor
P.O. Box 1287
Evansville, IN   47706-1287

on this 28th day of November, 2005.

JOHNSON, CARROLL, NORTON, KENT & STRAUS
Professional Corporation


 s/David W. Kent
David W. Kent, (#16440-82)
2230 W. Franklin Street
Evansville, IN 47712
(812) 425-4466
dkent@jcglaw.com
Attorney for Defendants, Brock Hensley

5